IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MICHAEL ZYBACH,   CV 03-6065-MA

    Petitioner,   OPINION AND ORDER

  v.

STATE OF OREGON, et. al.,

    Respondents.

    BRYAN E. LESSLEY
    Assistant Federal Public Defender
    151 W. 7th Avenue, Suite 510
    Eugene, Oregon  97401

      Attorney for Petitioner

    F. DOUGLAS HARCLEROAD
    Lane County District Attorney
    KENT MORTIMORE
    Assistant District Attorney
    Lane County District Attorney's Office
    125 East 8th Avenue
    Eugene, Oregon  97401

      Attorneys for Respondent

MARSH, Judge:

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging three of his convictions in Lane County Circuit Court. Petitioner was released from custody on June 6, 2003, and is not under post prison supervision.

## BACKGROUND

On July 15, 1998, petitioner was found to be in Contempt of Court for violating a Restraining Order, in case 19-98-08114[1]. Resp. Exs. 101. He was sentenced to 90 days in jail (19-98-08114A) and 24 months probation (19-98-08114B). Resp. Exs. 104, 105, 108. However, probation was revoked in December, 1998, and petitioner was sentenced to two, 90-day consecutive sentences of imprisonment. Resp. Ex. 109, 110. Petitioner did not appeal case 19-98-08114(A), or 19-98-09114(B). Resp. Exs. 106, 111.

On May 13, 1999, petitioner was convicted, after a stipulated facts trial, of Violating a Court's Stalking Protective Order (20-98-17672). Resp. Ex. 127. He was sentenced to six months in jail on each of three counts, to be served consecutively. Resp. Ex. 129. On appeal, the Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review on July 3, 2001. Resp. Ex. 133. Petitioner did not file for post-conviction relief (PCR).

---

[1] I refer to petitioner's convictions by their Lane County Circuit Court case number.

Petitioner also cites a September 18, 1998, jury conviction for unlawful possession of a controlled substance, driving under the influence of intoxicants, second degree criminal mischief, tampering with evidence, stalking, and failing to register as a sex offender (20-98-10311). Resp. Ex. 114. For this conviction petitioner was sentenced to six months imprisonment and three years of post-prison supervision. Id. The Court of Appeals affirmed petitioner's conviction without opinion on August 4, 2000, and petitioner did not seek review by the Oregon Supreme Court. Resp. Ex. 116. However, he nonetheless filed a petition for post-conviction relief, which was denied by the post-conviction trial court on July 19, 2002, and by the Court of Appeals on December 9, 2004. Resp. Ex. 121, 123. He did not seek review by the Oregon Supreme Court. Resp. Ex. 124.

Petitioner's initial federal habeas corpus petition in this court was filed on March 25, 2003. Doc. # 2.

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." In the instant proceeding, the limitation period commenced on the date petitioner's state convictions became final by the expiration of the time for seeking direct review. 28

U.S.C. § 2244(d)(1)(A). Thus, in case 19-98-8114(A) and (B) the limitation period commenced 30 days from July 15, 1998, and in case 20-98-17672, the limitation period commenced 30 days from July 2, 2001.

Untimeliness is not an issue in case 20-98-10311, however petitioner concedes that any claims as to this case are procedurally defaulted due to his failure to seek direct review before the Oregon Supreme Court. Petitioner asserts neither cause nor prejudice to excuse this default. Accordingly, I find that he has not shown entitlement to habeas relief in case 20-98-10311.

Petitioner does not dispute that his federal habeas corpus petition was filed more than one year after his state convictions became final. However, he argues that the limitations period should be equitably tolled due to his mental incompetency. Petitioner submits two neuropsychological evaluations performed by William A. McConochie, Ph.D., on September 21, 1998, and June 7, 2000, who opined that petitioner had mild mental retardation, with a full scale IQ of 66, as well as a host of other psychiatric diagnoses. Referencing Dr. McConochie's evaluations, petitioner argues, "[A] person who is incapable of deciding whether he agrees or disagrees with a simple 15 word sentence, could not possibly be expected to understand the nuances of

habeas corpus law or, for that matter, the nuances of the legal proceedings and issues that led to his incarceration." Pet. Reply at 10-11.

The limitation period set forth in § 2244(d)(1) may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a timely petition. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001), on reh'g *en banc*, 295 F.3d 1046 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "'lest the exceptions swallow the rule.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)).

The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his late filing. Gaston v. Palmer, 417 F.3d 1030, 1032 (9th Cir. 2005)(citing Spitsyn, 345 F.3d 799).

In the instant case, petitioner relies on Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998)(*en banc*), arguing that there was a "genuine basis for concern" about his mental competency during the limitations periods so he is entitled to equitable tolling. Pet. Reply at

5 - OPINION AND ORDER

4-5. However, even if I agreed with petitioner that his mental competency was an extraordinary circumstance beyond his control, he would still have to show that his mental incompetence was the but for and proximate cause of his late filing. Yet, petitioner's memorandum is devoid of any argument or supporting evidence to sustain this burden.

Moreover, as respondent points out, petitioner was represented by counsel on one case or another during a good portion of the limitations periods at issue in this habeas petition. Robert Manders represented petitioner in case 19-98-08114(A) and (B), and case 20-98-10311, from June, 1998, until November, 12, 1998. Resp. Exs. 106, 11, 114. From December, 1998, until January 21, 1999, petitioner was represented in case 19-98-08114(B), by Charles Vincent. Resp. Ex. 110. At the same time, petitioner was represented on appeal in case 20-98-10311, by Andy Simrin, who represented petitioner until August, 2002, on that case, and the appeal of case 20-98-17672 from June, 1999, until August, 2001. Resp. Exs. 118, 133. Finally, petitioner was represented by Dorothy Morey, and later George Derr, in case 20-98-10311, from May, 2001, through July, 2002, and on appeal for post-conviction relief through January, 2004. Resp. Exs. 122, 123.

Petitioner's demonstrated ability to secure access to the courts while the limitations periods were running on his federal habeas petition further detracts from petitioner's burden of showing that his mental handicaps made it impossible for him to file a timely petition. Notably, petitioner has made no request to expand the record, or for an evidentiary hearing to further develop the facts of his case. Cf. Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2005).

Accordingly, I find petitioner's habeas corpus petition to be untimely, and that petitioner is not entitled to habeas corpus relief.

## **CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition is denied.

IT IS SO ORDERED.

DATED this _13 day of October, 2005.

      /s/   Malcolm F. Marsh
     Malcolm F. Marsh
     United States District Court Judge